NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 21 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DWAYNE CORY WALLACE, Jr., <br><br> Plaintiff - Appellant, <br><br> v. <br><br> JODY BRADLEY, Assistant Warden at Saguaro Correctional Center; MICHAEL GAWLIK, Lieutenant, STG at Saguaro Correctional Center; JENNIFER BECHLER, Hawaii Contract Monitor at Saguaro Correctional Center; CHRISTOPHOR LOOMIS, Lieutenant, STG at Saguaro Correctional Center; HOWARD KOMORI; JEANETTE BALTERO, <br><br> Defendants - Appellees. | No. 23-3929 <br><br> D.C. No. 2:23-cv-00844-SRB--DMF <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted March 17, 2025[**]

Before:     CANBY, R. NELSON, and FORREST, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Dwayne Cory Wallace, Jr., a state prisoner housed in Arizona, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm.

The district court properly dismissed Wallace's action because Wallace failed to allege facts sufficient to state any plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (requirements for an Eighth Amendment violation in the prison context); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (requirements for a First Amendment retaliation claim in the prison context).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending requests are denied.

**AFFIRMED.**

23-3929